IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIBERTY CLO HOLDCO, LTD. | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| NANCY DONDERO, as Trustee of The Dugaboy Investment Trust, GRANT JAMES SCOTT as Trustee of The SLHC Trust, NEXPOINT ADVISORS, L.P., NEXPOINT ADVISORS GP, LLC, NEXPOINT REAL ESTATE ADVISORS IV, L.P. and NEXPOINT REAL ESTATE ADVISORS GP, LLC | § § § § § § § § CIVIL ACTION NO. _____ |
| Defendants. | § |

# COMPLAINT

Plaintiff Liberty CLO Holdco, Ltd. ("Liberty") files this Original Complaint against Defendants Nancy Dondero, as Trustee of The Dugaboy Investment Trust, Grant James Scott, as Trustee of The SLHC Trust, NexPoint Advisors, L.P. ("NexPoint Advisors"), NexPoint Real Estate Advisors IV, L.P. (collectively the "NexPoint Affiliates"), NexPoint Advisors GP, LLC, and NexPoint Real Estate Advisors GP, LLC (together with NexPoint Advisors GP, LLC, the "NexPoint GPs") and states as follows:

## SUMMARY OF COMPLAINT

1. The NexPoint Affiliates breached their contractual put-option obligation to buy membership interests of NexPoint Polo Glen Holdings, LLC ("Polo Glen") owned by Liberty. Indeed, while the NexPoint Affiliates purported to accept the put, they failed to consummate the sale within 30 days of Liberty's exercise of the put, and instead offered only vague assurances that they would draft transactional documents and close at some unknown time in the future. And when

draft transactional documents were presented after the 30-day deadline to exercise the put, they contained numerous terms that Liberty is not required to agree to under the Option Agreement, including broad releases, indemnification obligations, and representations.

2. The NexPoint Affiliates therefore breached the Option Agreement. Moreover, though NexPoint Advisors guaranteed the NexPoint Affiliates' payment and performance obligations under the Option Agreement, it failed to pay Liberty for its Polo Glen membership interests after demand, and has therefore breached its Guaranty with Liberty. For these reasons, Liberty seeks (1) an order of specific performance compelling the NexPoint Affiliates and NexPoint GPs to consummate the purchase of Liberty's membership interests in Polo Glen; (2) a judgment against NexPoint Advisors for $692,660.51, plus its reasonable attorney's fees, costs, and pre- and post-judgment interest for breach of the Guaranty; and/or (3) a declaratory judgment that either (a) the NexPoint Affiliates have forfeited their right to purchase the Polo Glen membership interests and that Liberty may sell those interests free and clear of any rights of the NexPoint Affiliates, or (b) that Liberty is not required to execute documents containing broad releases, indemnification obligations, and representations and warranties to effectuate its put under the Option Agreement.

**PARTIES, JURISDICTION, AND VENUE**

3. Liberty is an exempted company organized under the laws of the Cayman Islands with its principal place of business located at Floor 4, Willow House, Cricket Square, Grand Cayman KY-9010 KY, and it is a foreign citizen for purposes of diversity jurisdiction.

4. Defendant Nancy Dondero is the sole Trustee for The Dugaboy Investment Trust, who, on information and belief, is a Florida citizen for diversity purposes. She may be served with process at 1510 Coral Oak Ln. # 1305, Vero Beach, FL 32963, or wherever she may be found.

5. Defendant Grant James Scott is the sole Trustee for The SLHC Trust, who, on information and belief, is a North Carolina citizen for diversity purposes. He may be served with process at 5311 Tannat Ct, #204, Raleigh, NC 27612, or 1712 Scales St, Raleigh, NC 27608, or wherever he may be found.

6. Defendant NexPoint Advisors, L.P. is a Delaware limited partnership, whose general partner is NexPoint Advisors GP, LLC. NexPoint Advisors GP, LLC is a Delaware limited liability company, whose sole member is James D. Dondero, who is a Texas citizen for diversity purposes. NexPoint Advisors, L.P. has one limited partner, The Dugaboy Investment Trust, a Delaware perpetual nonrevocable trust with its principal place of business in Dallas County, Texas. Nancy Marie Dondero is The Dugaboy Investment Trust's sole trustee, who on information and belief is an individual and a Florida citizen for diversity purposes. NexPoint Advisors, L.P. may be served with process through its registered agent, The Corporation Trust Company, at Corporation Trust Center 1209 Orange St, Wilmington, DE 19801.

7. Defendant NexPoint Advisors GP, LLC is a Delaware limited liability company, whose sole member is James D. Dondero, who is a Texas citizen for diversity purposes. NexPoint Advisors GP, LLC may be served with process through its registered agent, The Corporation Trust Company, at Corporation Trust Center 1209 Orange St, Wilmington, DE 19801.

8. Defendant NexPoint Real Estate Advisors IV, L.P. is a Delaware limited partnership, whose general partner is NexPoint Real Estate Advisors GP, LLC. NexPoint Real Estate Advisors GP, LLC is a Delaware limited liability company, whose sole member is NexPoint Advisors, LP. NexPoint Advisors, L.P. is a Delaware limited partnership, whose general partner is NexPoint Advisors GP, LLC. NexPoint Advisors GP, LLC is a Delaware limited liability company, whose sole member is James D. Dondero, who is an individual and Texas citizen for

diversity purposes. NexPoint Advisors, L.P., has one limited partner, The Dugaboy Investment Trust, a Delaware perpetual nonrevocable trust with its principal place of business in Dallas County, Texas. Nancy Marie Dondero is The Dugaboy Investment Trust's sole trustee, who on information and belief is an individual and a Florida citizen for diversity purposes. NexPoint Real Estate Advisors IV, L.P. may be served with process through its registered agent, The Corporation Trust Company, at Corporation Trust Center 1209 Orange St, Wilmington, DE 19801.

9.     Defendant NexPoint Real Estate Advisors GP, LLC is a Delaware limited liability company, whose sole member is NexPoint Advisors, LP. NexPoint Advisors, L.P. is a Delaware limited partnership, whose general partner is NexPoint Advisors GP, LLC. NexPoint Advisors GP, LLC is a Delaware limited liability company, whose sole member is James D. Dondero, who is an individual and Texas citizen for diversity purposes. NexPoint Advisors, L.P. has one limited partner, The Dugaboy Investment Trust, a Delaware perpetual nonrevocable trust with its principal place of business in Dallas County, Texas. Nancy Marie Dondero is The Dugaboy Investment Trust's sole trustee, who on information and belief is an individual and a Florida citizen for diversity purposes. NexPoint Real Estate Advisors GP, LLC may be served with process through its registered agent, The Corporation Trust Company, at Corporation Trust Center 1209 Orange St, Wilmington, DE 19801.

10.     This Court has subject-matter jurisdiction over this civil action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the matter in controversy, exclusive of interest and costs, exceeds $75,000.00. In addition to diversity jurisdiction, the Court has supplemental jurisdiction under 28 U.S.C. § 1367.

11.     This Court has personal jurisdiction over the NexPoint Affiliates and the NexPoint GPs. In the Option Agreement at issue, the NexPoint Affiliates submitted to the jurisdiction of the

courts of the State of Delaware and of the United States District Court for the District of Delaware. Option Agreement § 4.

12. Venue is proper in the United States District Court for the District of Delaware because the NexPoint Affiliates and NexPoint GPs waived any objection to this District being the venue for any dispute arising out of or relating to the agreement in the Option Agreement at issue. Option Agreement § 4.

### FACTUAL BACKGROUND

5. On or about June 13, 2024, the NexPoint Affiliates executed a letter agreement which provided Liberty with a put option for its interests in NexPoint Polo Glen Holdings, LLC (the "Option Agreement"). A true and correct copy of the Option Agreement is attached as **Exhibit 1**. Liberty holds 100% of the Class I Membership Interests in Polo Glen, as outlined in the Polo Glen Limited Liability Company Agreement. A true and correct copy of the Polo Glen Limited Liability Company Agreement is attached as **Exhibit 2**.

6. Under the Option Agreement, Liberty has the right to require the NexPoint Affiliates to purchase all of Liberty's Class I Membership Interests in Polo Glen 30 days after Liberty serves a written notice of its election to exercise the put option (the "Class I Put Option"). Option Agreement § 1. Specifically, the Option Agreement provides that "each constituent of the collectively designated NexPoint Affiliates, agrees that it is jointly and severally liable to purchase the Class I Put Option, within thirty (30) days after exercise by [Liberty]." Option Agreement § 1(c).[1] NexPoint Advisors guaranteed the payment and performance of this Option Agreement under a Guaranty Agreement executed between NexPoint Advisors and Liberty, among others,

---

[1] The Option Agreement uses the same definition for "NexPoint Affiliates" and "Class I Put Option" as used herein.

dated June 13, 2024 (the "Guaranty"). A true and correct copy of the Guaranty is attached as **Exhibit 3**.

7. On January 15, 2025, Liberty sent the required written notice that it elected to exercise its Class I Put Option to the NexPoint Affiliates (the "Notice"). A true and correct copy of the Notice is attached as **Exhibit 4**. Thus, the NexPoint Affiliates had until February 14, 2025—30 days after the Notice—to "purchase the Class I Put Option." Option Agreement § 1(c).

8. On February 14, 2025, instead of complying with the terms of the Option Agreement and purchasing Liberty's membership interests (that is, *paying* for them), the NexPoint Affiliates merely notified Liberty that they had received the Notice and advised that Dugaboy *intended* to purchase the interests, but it needed an unspecified, additional amount of time to prepare the necessary documents to close the transaction. A true and correct copy of the response is attached as **Exhibit 5**.

9. On February 26, 2025, the NexPoint Affiliates circulated draft "put option purchase" documents to Liberty. Not only were those documents late, but they contained numerous improper provisions that were not required by the Option Agreement and that Liberty is not obligated to accept—namely, broad releases of the NexPoint Affiliates, a broad indemnification in favor of the NexPoint Affiliates, and several representations and warranties to be made by Liberty. As a result, none of the NexPoint Affiliates have complied with the Option Agreement and purchased the interests from Liberty.

10. Before filing this suit, Liberty served notice on NexPoint Advisors under the Guaranty, demanding that it pay $692,660.51 for Liberty's Polo Glen membership interests (the "Guaranty Notice"). A true and correct copy of the Guaranty Notice is attached as **Exhibit 6**. But

to date, NexPoint Advisors has failed to comply with its guaranty obligations and has not paid Liberty for its Polo Glen membership interests.

## CAUSE OF ACTION

11. Each cause of action and theory of recovery below incorporates all of the allegations outlined above as if fully set forth therein.

12. All conditions precedent have been performed, waived, or have occurred.

## COUNT ONE

### BREACH OF OPTION AGREEMENT AGAINST NEXPOINT AFFILIATES AND NEXPOINT GPS

13. The Option Agreement is a valid and enforceable contract.

14. The Option Agreement's plain terms state that the NexPoint Affiliates must purchase Liberty's Polo Glen membership interests, and are jointly and severally liable to do so, within 30 days of receipt of written notice from Liberty that it is exercising its put option. *See* Option Agreement § 1(c). The NexPoint GPs are jointly and severally liable for the acts of their respective limited partnerships.

15. Liberty sent the required Notice to the NexPoint Affiliates on January 15, 2025. *See* Liberty Notice. Thus, the NexPoint Affiliates had to purchase Liberty's membership interests by no later than February 14, 2025. *See* Option Agreement § 1(c). The NexPoint Affiliates failed to purchase the subject interests by February 14, 2025, and still have not purchased the subject interests to date.

16. As a result of the NexPoint Affiliates' (and the NexPoint GPs') failure to purchase Liberty's membership interest, Liberty has suffered injury, and will continue to suffer injury.

17. Liberty seeks an order of specific performance compelling the NexPoint Affiliates and the NexPoint GPs to consummate the purchase of Liberty's Polo Glen membership interests.

Specific performance is a remedy for breach of contract which takes the form of a mandatory injunction requiring a party to fulfill its contractual obligations. *26 Capital Acquisition Corp. v. Tiger Resort Asia Ltd.*, 309 A.3d 434, 464 (Del. Ch. 2023). Specific performance is available when ordinary damages would not provide adequate relief. *Id.*

18. Ordinary damages would not provide Liberty adequate relief because Liberty no longer wishes to own its interests in Polo Glen and seeks to exercise its right to sell those interests to the NexPoint Affiliates. Accordingly, Liberty seeks the equitable relief of specific performance of the Option Agreement, including but not limited to a mandatory injunction requiring the NexPoint Affiliates (and, by extension, the NexPoint GPs) to purchase Liberty's interests as required by the Option Agreement.

## COUNT TWO

### BREACH OF GUARANTY AGAINST NEXPOINT ADVISORS

19. The Guaranty is a valid and enforceable contract.

20. The Guaranty's plain terms state that NexPoint Advisors must purchase Liberty's Polo Glen membership interests to the extent the NexPoint Affiliates failed to perform under the Option Agreement, after NexPoint Advisors receives notice of that failure. *See* Guaranty §§ 2, 4.

21. Liberty sent the required Guaranty Notice to NexPoint Advisors on February 27, 2025, which triggered NexPoint Advisors' obligation to purchase Liberty's Polo Glen membership interests. *See* Guaranty Notice. But to date, NexPoint Advisors has failed to purchase the subject interests.

22. As a result, Liberty has suffered injury, and will continue to suffer injury, in the amount of at least $692,660.51, plus costs and pre- and post-judgment interest. Moreover, Liberty

had to engage counsel to enforce its rights under the Guaranty, and it is entitled to recover its reasonable attorney's fees incurred in connection with that enforcement effort. *See* Guaranty § 12.

## COUNT THREE

### DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

23. In the alternative to Counts One and Two, Liberty seeks a declaration of the parties' rights and duties under the Option Agreement pursuant to 28 U.S.C. §§ 2201 and 2202. An actual and justiciable controversy exists between Liberty and the NexPoint Affiliates concerning (1) whether the NexPoint Affiliates have forfeited their right to purchase Liberty's Polo Glen membership interests under the Option Agreement because they did not comply with the Option Agreement's terms; or (2) whether Liberty is required to execute documentation to effectuate the purchase of its Polo Glen membership interests that include excess terms, such as releases, indemnification provisions, and representations and warranties.

24. This controversy is ripe and of sufficient immediacy to justify the issuance of a declaratory judgment. The Option Agreement specifically provides that the NexPoint Affiliates are entitled to purchase Liberty's Polo Glen membership interests "within 30 days after exercise by [Liberty]." *See* Option Agreement § 1(c). The Option Agreement does not create any right for the NexPoint Affiliates to purchase the Polo Glen membership interests outside of that 30-day period. But the NexPoint Affiliates did not consummate the purchase of Liberty's Polo Glen membership interests within 30 days of Liberty's exercise of their put rights. And the Option Agreement does not require Liberty to execute documentation including unreasonably broad releases, indemnification provisions, and representations and warranties.

25. Accordingly, Liberty seeks a declaration from the Court that:

   a. The NexPoint Affiliates have forfeited their right to purchase Liberty's Polo Glen membership interests under the Option Agreement and Liberty may sell

its Polo Glen membership interests free and clear of any rights of the NexPoint Affiliates; or

b. Liberty is not required to execute documents containing broad releases, indemnification obligations, or representations and warranties to effectuate its put under the Option Agreement.

26. Liberty also seeks any other declaratory relief that would be useful to the resolution of the dispute between the parties.

## PRAYER FOR RELIEF

Plaintiff Liberty CLO Holdco, Ltd. respectfully requests that Defendants Nancy Dondero, as Trustee of The Dugaboy Investment Trust, Grant James Scott, as Trustee of The SLHC Trust, NexPoint Advisors, L.P., NexPoint Advisors GP, LLC, NexPoint Real Estates Advisors IV, L.P., and NexPoint Real Estate Advisors GP, LLC, be cited to appear and answer herein, and requests that the Court enter a final judgment:

a. Ordering specific performance of the NexPoint Affiliates' and the NexPoint GPs' obligation to purchase Liberty's Polo Glen membership interests under the Option Agreement;

b. Awarding Liberty a judgment against NexPoint Advisors for $692,660.51, plus its reasonably attorney's fees, costs, and pre- and post-judgment interest; or

c. A declaration pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202 that:

  i. The NexPoint Affiliates have forfeited their right to purchase Liberty's Polo Glen membership interests under the Option Agreement and that Liberty may sell its Polo Glen membership interests free and clear of any rights of the NexPoint Affiliates; or

  ii. Liberty is not required to execute documents containing broad releases,

        indemnification obligations, or representations and warranties to effectuate its put under the Option Agreement; and

d. all other relief to which Liberty is justly entitled.

Dated: February 28, 2025

                    DORSEY & WHITNEY (DELAWARE) LLP

                    */s/* Eric Lopez Schnabel
                    Eric Lopez Schnabel (DE Bar No. 3672)
                    300 Delaware Avenue, Suite 1010
                    Wilmington, Delaware 19801
                    Telephone: (302) 425-7171
                    Facsimile: (302) 425-7177
                    E-mail: *schnabel.eric@dorsey.com*

                    -and-

Brian Shaw (*pro hac vice pending*)
Texas Bar No. 24053473
Carrington, Coleman, Sloman & Blumenthal, L.L.P.
901 Main St., Suite 5500
Dallas, TX 75202
Telephone: (214) 855-3003
E-mail: *bshaw@ccsb.com*

Monica Gaudioso (*pro hac vice pending*)
Texas Bar No. 24084570
Carrington, Coleman, Sloman & Blumenthal, L.L.P.
901 Main St., Suite 5500
Dallas, TX 75202
Telephone: (214) 855-3088
E-mail: *mgaudioso@ccsb.com*

Abbie Blaker (*pro hac vice pending*)
Texas Bar No. 24131268
Carrington, Coleman, Sloman & Blumenthal, L.L.P.
901 Main St., Suite 5500
Dallas, TX 75202
Telephone: (214) 855-3058
E-mail: *ablaker@ccsb.com*

**ATTORNEYS FOR PLAINTIFF LIBERTY CLO HOLDCO, LTD.**